ROSE TAFFEY, PLAINTIFF-RESPONDENT, v. NEW JERSEY STATE FIREMEN'S ASSOCIATION, DEFENDANT-APPELLANT.

Submitted May 4, 1937—Decided June 25, 1937.

Before Justices LLOYD, CASE and DONGES.

For the plaintiff-respondent, *H. Joseph Rosenberg*.

For the defendant-appellant, *Robert H. Schenck* and *King & Vogt*.

The opinion of the court was delivered by

CASE, J. Plaintiff sued alleging that upon the death of her husband, Patrick D. Taffey, she became entitled to the money benefit conferred upon a widow of a deceased exempt fireman. The trial was before the judge sitting without a jury. Judgment for $300 went for plaintiff, and defendant appeals.

Plaintiff's decedent was admitted as a member of the Eclipse Hose Company, a volunteer firemen's organization of the township of North Bergen, on August 5th, 1913. He became a citizen of the United States on January 8th, 1923. On October 18th, 1923, he received from the township a certificate of exemption, signed by the chairman and mayor and authenticated by the seal of the township under the attestation of the township clerk, certifying that he had "served seven full years as an active member of the Eclipse Hose Company of the Township of North Bergen Fire Department, the time required by law which entitles him to this certificate." The certificate was filed in the county clerk's office March 19th, 1924. Taffey died February 13th, 1935.

The defendant is the recipient of tax moneys from the State

of New Jersey and under the authority of appropriate legislation has the following provisions in its rules and regulations: "To the next of kin of every deceased fireman * * * who has served the necessary seven years to become exempt, the maximum amount of $400 will be paid. * * * The next of kin interpreted to rank in the following order: Widow, children, father and mother, brothers and sisters. * * * Proof necessary in order to be eligible to the burial benefit is to have an exempt certificate issued by the municipal officers." The death benefit was later reduced to $300.

In addition to the exempt fireman's certificate there was a proof of claim for the benefit made out on defendant's form, signed by the plaintiff, certified by the secretary and president of North Bergen Local Relief Association, accompanied by the attending physician's statement and by the attending undertaker's statement, forwarded to the defendant bearing the latter's claim number 7778 and produced by the defendant at the trial. It does not appear that the defendant requested other proofs. The pertinent rules and regulations are in evidence.

The gist of the first point is that at the close of plaintiff's case certain essential proofs were lacking and defendant's motion for a nonsuit should have been granted. The proofs to which appellant calls attention under this point were of defendant's rules and regulations, whether proper claim had been made and whether there had been action thereon under defendant's rules. These proofs were in before the case closed. The error, if there had been one, was thus cured. *McGee* v. *Kraft,* 110 *N. J. L.* 532; *Hollingshead* v. *Zemkoski,* 115 *Id.* 376.

It is next said that decedent was not a citizen when he *became* a member of the department, that therefore by the township ordinance he did not *lawfully* become a member and that consequently his widow is not entitled to the benefit. The fire department ordinance of the township provided in section 2 as follows: "Each hose company shall consist of not less than twenty members and not more than twenty-five members * * * who shall be citizens of the United States,

residents of said township, of good moral character, sound in mind and body and between the ages of twenty-one and fifty-five years." The fact that Taffey was not a citizen at the time he was taken into the department is not, we think, a just ground of defense in the present action. As well might it be argued in defense that however long Taffey remained in the service he was less than twenty-one years of age when admitted, or that regardless of continued subsequent rectitude he was not then of good moral character, or that at the time of his admission he was not well in body although soon thereafter he became and remained sound and robust. He was duly certified in the respects required by the defendant's rules and regulations and the qualifications set up in the statute. 2 *Comp. Stat., p.* 2377, § 14. Such matters are not, we think, dispositive of the present issue. The alleged noncompliance did not in any degree lessen the extent or character of the public service of which the benefit is a recognition. There is no charge of fraud. Taffey did, under municipal auspices, become a fireman. He performed the services of such a public servant with all of the attendant risks and inconveniences throughout the essential period. When certified for his exemption he was a citizen. Whether the municipality did or did not hold the fire department admissions to the letter of its ordinance is not of the defendant's concern on the pending issue. It has been held that the appellant's rules and regulations contain no requirement that a fireman, to become eligible to benefits on the ripening of his exemption, must be a citizen when he began his service and that neither those rules and regulations nor the state statutes require that persons entitled to those benefits must be citizens. *Magnus* v. *New Jersey State Firemen's Association,* 14 *N. J. Mis. R.* 426; *Bowlby* v. *Freeholders of Morris,* 83 *N. J. L.* 346; *affirmed,* 85 *Id.* 725, cited and relied upon by appellant, is not, in our opinion, *contra.*

Finally, it is contended that the plaintiff has not exhausted the remedies available to her under the rules and regulations of the defendant, her claim having been decided by the advisory committee and no appeal having been taken to the

executive committee. This point is made to depend upon the following provision of the rules and regulations of the defendant:

"In the event of the non-approval of the claim by the Advisory Committee, it shall be final [as far as that committee is concerned] excepting that the matter may be reviewed by appeal of the local relief association or the party or parties in interest upon presentation of the facts to the Executive Committee through the Advisory Committee, for such action as they [the Executive Committee] may deem justifiable and necessary."

The argument is that the word "may" as here used should be understood to mean "must" and that *McDonald* v. *Hudson County Freeholders,* 98 *N. J. L.* 386, and other cases of like import sustain that contention; and that *Walsche* v. *Sherlock,* 110 *N. J. Eq.* 223, is a holding that where a remedy is provided under the rules of union and beneficial associations it is necessary for a person to exhaust that remedy before application to the law courts. The word "may" is not always mandatory even when found in a statute (*McDonald* v. *Freeholders,* 99 *N. J. L.* 170; *Winne* v. *Cassale,* 99 *Id.* 345; *affirmed,* 100 *Id.* 291) and does not appear to us to be so used here. No proof is brought to our attention, and we find none, to the effect that either Taffey or the plaintiff—she particularly—engaged to abide by the defendant's rules and regulations. The executive committee appears to be the group which directs the affairs of the defendant corporation and therefore sponsors the defense to this action. Non-liability on the ground that Taffey was an alien at the time he joined the fire department is urged vigorously here, as it was below. We are led to conclude that that is the defendant's established attitude and that an appeal to the committee would have been futile. The matter is not an internal affair of the organization. It is a question of property right. Appeal within the defendant's organization was, in our opinion, permissive and not mandatory.

We conclude that the judgment below should be affirmed.